BAILEY, Appellee,

v.

BAILEY, Appellant.

[Cite as *Bailey v. Bailey* (1996), 109 Ohio App.3d 569.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 95CA14.

Decided Feb. 29, 1996.

*Lambert & McWhorter* and *Randall L. Lambert*, for appellant.

*William Berry*, for appellee.[1]

HARSHA, Judge.

Randy Joe Bailey appeals from a judgment of the Lawrence County Court of Common Pleas, which overruled his objections to the referee's report and determined the issue of parentage against him.

Appellant raises the following assignments of error for our review:

I. "The court erred in not following the applicable Ohio parentage statutes when ruling that appellant, Randy Joe Bailey, was the father of appellee's child, Derek, which was conceived by artificial insemination and born out of wedlock."

II. "The court erred in ruling that the September 6, 1988 contract between appellant, Randy Joe Bailey, and appellee, Anne Marie Bailey, created parentage responsibilities in Mr. Bailey for a child conceived by artificial insemination after their dissolution."

III. "The court erred in inferring that the actions of appellant subsequent to October 12, 1988 showed the partie[s'] intent to continue with or reinstitute the September 6, 1988 contract."

1. Appellee did not file a brief in this appeal.

Appellee failed to file a brief on appeal. Under App.R. 18(C), if an appellee fails to file a brief within the time period provided, we may accept appellant's statement of the facts and issues as correct and reverse the judgment of the trial court if appellant's brief reasonably appears to sustain that action. Accordingly, we will adopt appellant's statement of the case and facts for our review.

Appellant and appellee were married on April 12, 1988. After approximately four months of marriage, they signed a separation agreement and a petition for dissolution, which were filed on August 30, 1988, and given Lawrence County Court of Common Pleas case No. 88DR–700. Then, on September 6, 1988, appellant and appellee attempted to reconcile their marriage and to have a baby. Both parties went to an artificial insemination clinic in Columbus, Ohio, for that purpose. Although appellee underwent the procedure, she did not get pregnant at that time.

After the parties' attempt to conceive a child failed, they went through with the dissolution, which was granted on October 12, 1988. The separation agreement, which was signed on August 5, 1988, was incorporated into the dissolution decree. The dissolution decree found that no children had been born during the marriage, and the separation agreement further stated that there were no expected but unborn children.

On October 30, 1988, appellee returned to the artificial insemination clinic, where she conceived a child on that date, some two weeks *after* the dissolution decree was filed. Appellee was driven to the clinic by appellant. Appellee's child, Derek Alan Bailey, was born on July 14, 1989. At that time, appellant signed the child's birth certificate as the father of the child.

Four years after the dissolution was final, on October 14, 1992, appellee filed a *motion* in case No. 88DR–700 seeking the establishment of a child support order.

Appellant contested the jurisdiction of the general division of the court of common pleas to determine parentage as a necessary adjunct and threshold requirement for establishing a child support order. Appellant contended the juvenile division had exclusive jurisdiction. However, the trial court ultimately found that it had jurisdiction over contract matters and equitable proceedings, regardless of appellant's claim that parentage actions should be heard by the juvenile court. Accordingly, the matter proceeded through an order of reference. Ultimately, the court adopted the referee's report and found appellant to be the father of Derek Alan Bailey by virtue of contract and estoppel principles. The trial court subsequently entered an order of support.

Before we analyze appellant's assignments of error, we must address the trial court's jurisdiction to decide parentage and ultimately award child support in a domestic relations action that had been terminated. See Civ.R. 12(H)(3). Ac-

cordingly, we proceed under the doctrine of plain error as explained in *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223, 18 OBR 281, 283–284, 480 N.E.2d 802, 805–806.

The decree of dissolution in Lawrence County Common Pleas case No. 88DR–700 was filed October 12, 1988. It specifically found that the parties had no children, either born or expected while married. In order for the trial court to maintain continuing jurisdiction over the issue of child support, there must have been a minor child either born or conceived prior to the entry of final judgment in the dissolution. See by implication R.C. 3109.05 and 3113.215. The record is clear in this case that appellee's child was not conceived until after the dissolution was granted. Accordingly, Lawrence County Court of Common Pleas case No. 88DR–700 did not provide for continuing jurisdiction of the trial court. Appellee could not move the court for a support order in a terminated case.

Furthermore, the Ohio Parentage Act as amended by 1992 Am.Sub. S.B. No. 10, effective July 15, 1992, requires an *administrative* determination of parentage before filing a parentage action. There are three exceptions to this administrative procedure, see R.C. 3111.22(A), only one of which arguably even comes close to being applicable. If an issue of parentage arises in an action for divorce, dissolution or marriage, or legal separation, the common pleas court may determine the parent-child relationship without an administrative determination. As noted above, case No. 88DR–700 was finalized, and the trial court had no basis for continuing jurisdiction. Thus, this exception is not applicable.

While the trial court may be correct in stating that it has subject matter jurisdiction over contract and equitable actions, it cannot determine parentage without complying with the statutory prerequisites for invoking jurisdiction under R.C. Chapter 3111. In other words, the trial court may be able to determine the existence of a contract to support an unrelated minor child or, alternatively, that equitable estoppel requires the imposition of such a burden on appellant. However, it cannot determine parentage without following the statutory prerequisite mandated by the legislature, nor can it proceed by motion in a case which has been terminated.

Accordingly, the trial court's judgment of parentage and its resulting support order are reversed and held to be void. There being no continuing jurisdiction in the trial court to proceed by motion, or otherwise, in Lawrence County Court of Common Pleas case No. 88DR–700, this matter is remanded for the limited purpose of overruling appellee's motion for an order of support.

*Judgment reversed*
*and cause remanded.*

Peter B. Abele, P.J., and Stephenson, J., concur.