ABBAS, Appellant,

v.

ABBAS, Appellee.

[Cite as *Abbas v. Abbas* (1998), 128 Ohio App.3d 513.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 97 C.A. 16.

Decided June 23, 1998.

514

*Joseph W. Gardner*, for appellant.

GENE DONOFRIO, Presiding Judge.

Plaintiff-appellant, Badrich Abbas, appeals a decision of the Mahoning County Court of Common Pleas, Domestic Relations Division. The domestic relations court found that it had had no authority to enter its May 28, 1985 judgment, which awarded child support for appellant's son James Awad Abbas, age twenty-six at the time. The court concluded that the May 28, 1985 judgment was void and vacated it.

Defendant-appellee, Sam Abbas, has failed to file a brief. Therefore, pursuant to App.R. 18(C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain that action.

Appellant and appellee were married on July 15, 1957. During their marriage, appellant and appellee became the parents of James Awad Abbas, who, since birth, has been continuously blind, mentally impaired, and fully disabled. Because of his disabilities, James had been totally dependent upon his parents. At the time of the parties' divorce, James was twenty-five years old. Immediately preceding the final divorce hearing, appellant, through counsel, filed a legal

memorandum concerning whether or not a noncustodial parent is responsible for supporting a mentally disabled child who is over the age of majority. On April 24, 1984, the trial court filed its judgment entry, granting the parties a divorce, awarding appellant custody of James and specifically finding that it had no authority to order child support for James despite his disabilities. No appeal was taken by either party from the trial court's decision.

Approximately eight months after the trial court filed its judgment entry of divorce, the Ohio Supreme Court decided *Castle v. Castle* (1984), 15 Ohio St.3d 279, 15 OBR 413, 473 N.E.2d 803, which concerned the question of whether parents have a continuing duty to support a mentally disabled or severely handicapped child beyond the age of majority. Following that decision, appellant filed a motion on February 25, 1985, asking, among other things, that the trial court order appellee to pay reasonable child support for James pursuant to *Castle*.

A hearing was held on appellant's motion on April 16, 1985, and the report of the referee was then filed on April 30, 1985, recommending that appellee pay child support for James in the amount of $175 per month. On May 28, 1985, the trial court adopted the report of the referee as the judgment of the court.

In January 1996, appellant filed a motion for contempt against appellee through the Mahoning County Child Support Enforcement Agency as a result of appellee's failure to pay the child support ordered for James. Appellee then filed a motion to vacate the child-support order entered May 28, 1985, alleging that the trial court lacked the jurisdiction necessary to enter the order, thereby making the order void *ab initio*.

Appellant responded to appellee's motion by filing a memorandum in opposition on August 8, 1996. Appellant claimed therein that James never reached the age of majority as that term is defined in R.C. 3109.01 because he has always been disabled. Appellant further argued that a trial court cannot simply divest itself of subject-matter jurisdiction by its own decree. Appellant maintained that the trial court recognized at the time of the divorce that it had jurisdiction over custody, and, therefore, it retained jurisdiction over James to enter subsequent orders.

A hearing was held before the court magistrate on both parties' motions. On September 26, 1996, the magistrate filed his decision, recommending that the order entered May 28, 1985, which granted child support for James, be vacated. Appellant filed objections to the decision of the magistrate, and following a hearing, the trial court filed its judgment entry on January 7, 1997, adopting the decision of the magistrate as its order and vacating the order entered May 28, 1985, regarding child support. On January 21, 1997, appellant timely appealed the domestic relations court's January 7, 1997 decision.

Appellant's sole assignment of error on appeal alleges:

"Parents have a continuing legal duty to support their children who are unable to support themselves because of mental or physical disability which existed before attaining the age of majority and continues after the age of majority. This trial court erred in ruling that it did not have jurisdiction to enforce this legal duty."

Appellant states that the parties' son, James Awad Abbas, has been totally disabled and unable to support himself as a result of physical and mental disabilities since birth and that that fact was recognized by the trial court at the time of the parties' divorce. Appellant maintains that when the trial court awarded custody of James to her, it exercised jurisdiction over all parties concerned, thereby effectively retaining jurisdiction to enter subsequent orders regarding James.

Appellant argues that although James was twenty-five years old at the time of the parties' divorce, he had not reached the age of majority, since emancipation never occurs for a child who has mental and physical disabilities prior to attaining the age of majority. In support of her contentions, appellant relies upon *Castle, supra.* Appellant states that according to *Castle* and the common law of Ohio as created by *Castle,* both parties had and still have a duty to support James even though he is an adult. Appellant concludes that the trial court in the case at bar had the authority and jurisdiction to award child support for a child with mental and physical disabilities, following the parties' divorce.

■ The Ohio Supreme Court in *Castle,* 15 Ohio St.3d 279, 15 OBR 413, 473 N.E.2d 803, held at paragraphs one and two of its syllabus, as follows:

"1. The common-law duty imposed on parents to support their minor children may be found by a court of domestic relations having jurisdiction of the matter, to continue beyond the age of majority if the children are unable to support themselves because of mental or physical disabilities which existed before attaining the age of majority.

"2. The domestic relations court retains jurisdiction over parties in a divorce, dissolution or separation proceeding to continue or to modify support payments for a mentally or physically disabled child, who was so disabled before he or she attained the statutory age of majority, as if the child were still an infant."

In its April 24, 1984 judgment entry, the domestic relations court held:

"20. IT IS THE FURTHER ORDER OF THIS COURT that Wife [appellant] is hereby granted custody of JAMES AWAD ABBAS who is 25 years old, blind and retarded. If [*sic*] the Court further finds that it has no authority to

order child support payments for the said JAMES AWARD [*sic*] ABBAS despite his impediments."

■ In *In re Poling* (1992), 64 Ohio St.3d 211, 215, 594 N.E.2d 589, 593, the Ohio Supreme Court stated:

"[A] court which renders a custody decision in a divorce case has continuing jurisdiction to modify that decision."

In *Loetz v. Loetz* (1980), 63 Ohio St.2d 1, 2, 17 O.O.3d 1, 1–2, 406 N.E.2d 1093, 1093, the Ohio Supreme Court held:

"The court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties."

R.C. 3109.01 defines the age of majority as follows:

"All persons of the age of eighteen years or more, *who are under no legal disability,* are capable of contracting and are of full age for all purposes." (Emphasis added.)

By granting custody of James, age twenty-five at the time, to appellant, the court was essentially asserting that James had not reached the age of majority. Therefore, the court maintained continuing jurisdiction over James, appellant, and appellee. Although the court did not initially order child-support payments for James, the court was later able to do so pursuant to *Castle,* because the court did retain jurisdiction over the parties. Consequently, it was error for the trial court to vacate its judgment of May 28, 1985, which ordered appellee to pay the sum of $175 per month plus two percent poundage for child support for James Awad Abbas.

Appellant's sole assignment of error is sustained.

The January 7, 1997 judgment of the domestic relations court is hereby reversed, and the May 28, 1985 judgment awarding child support for James Awad Abbas is hereby reinstated.

*Judgment reversed.*

Cox, J., concurs.

VUKOVICH, J., dissents.

VUKOVICH, Judge, dissenting.

With a great reluctance that stems more from the suppression of my feelings of sympathy and compassion than it does from any confusion of the law, I must respectfully dissent. Central to my dissent is the firm belief that my colleagues

in the majority have set forth a new corollary to the landmark case of *Castle v. Castle* (1984), 15 Ohio St.3d 279, 15 OBR 413, 473 N.E.2d 803, that has no basis in the law. Accordingly, I am of the opinion that the trial court correctly determined that it lacked jurisdiction to initially impose an order for the support of a young man who was twenty-five years of age at the time of the divorce of his parents, even though he was developmentally and mentally disabled at the time of the divorce.

In *Castle*, the majority of the Ohio Supreme Court held that a trial court may properly *continue* or *retain* its jurisdiction over a minor child beyond the age of majority when that child is a "mentally or physically disabled child." (See the syllabus of the court as set forth in its entirety in the majority opinion.) In order to "retain" or "continue" subject-matter jurisdiction as contemplated and set forth in *Castle*, it is elementary that a court have jurisdiction over the subject matter in the first instance, for one cannot retain what one does not possess. Accordingly, we must first determine whether the trial court ever had any jurisdiction to impose an order for the support of a child who was twenty-five years of age when the court acquired jurisdiction over his parents.

Here, the appellant and the appellee obtained a divorce on April 24, 1984. The court had jurisdiction over those parties pursuant to R.C. 3105.03. At the time of their divorce, their son James was twenty-five years of age. *Castle v. Castle, supra,* was decided and released on December 31, 1984. On February 25, 1985, the appellant filed a postdecree motion to establish an order for the support of James.

Appellant avers, and the majority agrees, that the fact that the trial court entrusted the appellant with custody of James opened the jurisdictional door for it to subsequently impose a support order in light of the *Castle* decision. Alternatively, appellant contends, and again the majority agrees, that since James was never free of any disability, he never obtained the legal age of majority.

I am not persuaded by either argument. While they each may be legitimate reasons to continue the jurisdiction of a court, neither can confer original jurisdiction. In *Bailey v. Bailey* (1996), 109 Ohio App.3d 569, 572, 672 N.E.2d 747, 749, the court stated:

"In order for the trial court to maintain continuing jurisdiction over the issue of child support, there must have been a minor child either born or conceived prior to the entry of final judgment. * * * See by implication R.C. 3109.05 and 3113.215."

Moreover, it has been noted: "Generally a domestic relations court has no authority to order child support for an adult child over whom it has no

jurisdiction, even if the parents of such child fail to contest the exercise of such jurisdiction." *O'Connor v. O'Connor* (1991), 71 Ohio App.3d 541, 544, 594 N.E.2d 1081, 1083, citing *Miller v. Miller* (1951), 154 Ohio St. 530, 43 O.O. 496, 97 N.E.2d 213. Also, the *O'Connor* case is additionally significant for its observation:

"This court notes, however, that defendant is correct in asserting that the holding of *Castle v. Castle* (1984), 15 Ohio St.3d 279, 15 OBR 413, 473 N.E.2d 803, is distinguishable from this case. In *Castle,* the domestic relations court initially had jurisdiction over the parties' incompetent *minor* child. The Supreme Court stated that once jurisdiction was properly asserted over the minor child, the domestic relations court retained jurisdiction to provide continuing child support after the child attained majority. *Id.* at paragraph two of the syllabus. In this case, the domestic relations court never had jurisdiction over Laurie. Thus, the holding of *Castle* is inapposite." (Emphasis *sic.*) *O'Connor, supra,* 71 Ohio App.3d at 544, 594 N.E.2d at 1083.

In addition to the foregoing cases, a review of the following relevant statutes reinforces a conclusion that the domestic relations court lacked the jurisdiction to impose the support order in the case *sub judice*:

R.C. 3109.01: "All persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes."

R.C. 3103.03(B): "Notwithstanding section 3109.01 of the Revised Code, the parental duty of support to children, including the duty of a parent to pay support pursuant to a child support order, shall continue beyond the age of majority as long as the child continuously attends on a full-time basis any recognized and accredited high school or a court-issued child support order provides that the duty of support continues beyond the age of majority. Except in cases in which a child support order requires the duty of support to continue for any period after the child reaches age nineteen, the order shall not remain in effect after the child reaches age nineteen."

R.C. 3109.05(E): "Notwithstanding section 3109.01 of the Revised Code, if a court issues a child support order under this section, the order shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school or the order provides that the duty of support of the child continues beyond the child's eighteenth birthday."

From the foregoing authorities, we can logically conclude that the Ohio General Assembly, which is entrusted with the responsibility of establishing the public policy of this state, has not seen fit to amend its child-support provisions to reflect a disabled-child exception to the general rule of emancipation set forth in R.C. 3109.01, except that it refers to the *continuation* of a support obligation or a

support order. Despite numerous amendments to R.C. Title 31 since *Castle* was decided in 1984, none of those amendments confers jurisdiction on a domestic relations court whereby the court could assume initial jurisdiction over a child beyond the age of eighteen years and who is not a full-time high school student.

If the position of the majority is correct, then every domestic relations case in which a child was permanently disabled prior to obtaining the age of eighteen years can now be reopened under the theory that such a child could never be emancipated under R.C. 3109.01 and, therefore, the court has continuing jurisdiction to impose a support order at any time during the disability. The Supreme Court of this state has not gone so far, and the legislature has refused to address the issue.

I would affirm the trial court in the belief that neither that court, this court, nor any other court has the power to expand jurisdiction.