OPINION
This timely appeal arises from a trial court judgment granting Appellee's motion to terminate child support for his daughter who has passed the age of majority but is mentally disabled. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
Appellant, Mary R. Armstrong, fka Mary R. Valley, and Appellee, Edward J. Valley, were married in December of 1961. Three children were born of the marriage: Frank, born on November 5, 1962; Regina, born September 12, 1967; and Rochelle, born on September 28, 1973. Regina was diagnosed as mentally retarded. From sometime in 1983 to January of 1991, Regina lived at Gateways to Better Living, a residential care facility, and received social security benefits. Regina is the only child relevant to this appeal.
The parties were divorced pursuant to a judgment entry filed on November 7, 1978. The lower court awarded custody of all three children to Appellant. Appellee was ordered to pay $100.00 per month per child for Frank and Rochelle until each reached 18 years age and $100.00 per month for Regina until she reached 21 years of age. All of the support orders were issued, "* * * until further order of the court."
On December 29, 1988, Appellee filed a motion for termination of child support for Regina, as she had reached the age of twenty-one. A court referee denied Appellee's motion based on the Ohio Supreme Court's decision in Castle v. Castle (1984), 15 Ohio St.3d 279, which held that the common-law duty of child support can extend beyond the age of majority if the child is unable to support his or herself because of a mental or physical disability which existed prior to that child's reaching the age of majority.Id., 283.
Appellee filed objections to the referee's report, arguing that the requirements of Castle were not proven and that support should not have been continued. Even though the Court in Castle
mandates no particular residential or marital status for the child in question, Appellee contended that to apply Castle, a court requires proof that the child is of weak body or mind, is unable to care for herself, is unmarried and is living in the parent's home.
On May 16, 1989, the domestic relations court filed a judgment entry indicating that the parties had reached an agreement regarding Regina's support. The court found that although Regina was an adult and emancipated, she was entitled to support from her parents. The court ordered Appellee to pay $10.00 per month to Gateways to Better Living for Regina's support. The court also ordered Appellant to pay $5.00 per month to Gateways to Better Living for Regina's support. Such order was to supplement Social Security benefits which Regina received.
On March 21, 1991, Appellant moved to terminate her support obligation for Regina on the grounds that Regina was now residing in her home. Appellee did not oppose this suspension request. The referee recommended suspending Appellant's child support obligation, but did not recommend termination of support. The court adopted the referee's report on April 19, 1991.
In May, 1992, Appellant filed two identical motions seeking an increase in support for Regina. In a Judgment Entry dated August 11, 1992, the referee followed Castle, supra, and determined that due to Regina's disability, Appellee was obligated to provide child support to her. The referee also found that R.C. § 3113.215
was relevant to calculating the amount of support even thoughCastle imposed a common law rather than a statutory obligation. The referee recommended that Appellee pay child support for Regina in the amount of $80.35 per week, including poundage.
On August 20, 1992, Appellee filed objections to the referee's report, arguing that the matter regarding child support was resjudicata and not reviewable at the most recent hearing. However, Appellee conceded that he and Appellant had voluntarily modified the terms of the decree in a subsequent agreement approved by the court. Appellee also contended that the statutory guidelines should not apply and that he should not be punished for Appellant's unilateral decision to return Regina to her care.
On November 13, 1992, Appellee filed supplemental objections. In these, Appellee argued that the referee failed to comply withCastle as no evidence was presented confirming Regina's disability or showing that Regina could not live on her own. Appellee further submitted that the referee failed to determine if Regina was in fact emancipated and failed to determine Regina's needs and Appellant's expenses in caring for Regina at home. Appellee also filed a motion to dismiss all of Appellant's pending motions seeking child support. Appellee claimed the court was without jurisdiction to hear the matter as he did not voluntarily consent to the court's continuing jurisdiction over the matter.
The trial court referred the matter to the court referee for hearing on the objections. On September 30, 1993, the referee issued a report finding that the depositions of two workers from Gateways to Better Living were sufficient evidence that Regina was mentally disabled and was not self-sustaining.
The referee withheld his decision on the jurisdictional question, added Regina as a party to the action and appointed a guardian ad litem to represent her interests. The referee ordered the guardian ad litem and the parties to file briefs concerning whether the court had continuing jurisdiction on the issue of child support.
On April 11, 1994, the referee, relying on Castle, supra, held that the court had continuing jurisdiction to modify child support payments for a child where that child's mental or physical disability preceded reaching the age of majority. The referee also found that the parties' previous support agreements for Regina had no effect on its jurisdiction. The referee suggested that the court erred in its May 16, 1989 entry when it stated that Regina was "emancipated." The referee also found that in any event, Appellee consented to a continuance of his child support obligation at that time until further order of the court. Based on this, the referee recommended an increase in Appellee's child support obligation to $391.75 per month and found arrearages in the amount of $8,391.29.
On April 22, 1994, Appellee objected to the referee's report and modification of child support. Appellee argued that no subsequent order could be made to modify his previous obligation of $10.00 per month, as that was incurred pursuant to a voluntary agreement between the parties after Regina had reached the age of twenty-one and after the court stated that she was emancipated. On August 30, 1994, the trial court adopted the referee report.
On September 9, 1994, Appellee filed a notice of appeal. The matter was designated as 94 CA 158. On June 26, 1995, subsequent to several continuances at Appellee's request, this Court held the appeal in abeyance pending further hearings in the domestic relations court regarding issues which may have been addressed on appeal.
On March 6, 1996, this Court dismissed the appeal in 94 CA 158, noting that the Ohio Supreme Court assigned a visiting judge to hear pending motions and to reconsider the issues giving rise to the appeal. This Court noted that both parties agreed to dismissal of the appeal and that Appellee (then the appellant) reserved the right to raise the child support issue in a later appeal.
On October 1, 1996, the trial court sustained Appellee's motion to terminate child support for Regina. The court found that she emancipated on September 12, 1988 and held that any payments by Appellee which Appellant received after September 12, 1988 would be applied to arrearages or refunded to Appellee as overpayments. The court held that the referee incorrectly applied Castle, stating that Castle was not intended to apply "retroactively". The court noted that termination of support was determined in the divorce decree and court order of November 7, 1978, which set termination at Regina's twenty-first birthday. The court opined that contract law should apply to any agreement by the parties to continue paying child support beyond this date. The court also found that the magistrate failed to make a factual finding of need in order to continue support beyond the termination date.
On October 28, 1996, Appellant filed her notice of appeal in this matter.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT ERRED IN SUBSTITUTING ITS DECISION FOR THE DECISION OF THE TRIAL JUDGE IN THE PRIOR COURT ORDER ON GROUNDS THAT A TRIAL COURT HAS NO JURISDICTION TO REVIEW AND REVERSE A PRIOR FINAL ORDER OF THE SAME COURT."
Appellant argues that the doctrine of res judicata divested the trial court of authority to review and subsequently change its judgment dated August 11, 1994, which reinstated child support for Regina.
When addressing the issue of the effect of modification of a prior judicial decree, the standard of review is whether the trial court committed prejudicial error. Wolfinger v. Ocke
(1991), 72 Ohio App.3d 193, 196. This standard is imposed because a trial court has no discretion when deciding a matter of law.Id.
We cannot find error in the trial court actions, here. It is well settled that a court which renders a divorce decree retains jurisdiction over the care, custody and support of children.Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2.
Furthermore:
 "The domestic relations court retains jurisdiction over parties in a divorce, dissolution or separation proceeding to continue or to modify support payments for a mentally or physically disabled child, who was so disabled before he or she attained the statutory age of majority, as if the child were still an infant."
Castle v. Castle, supra, paragraph two of the syllabus.
The trial court committed no prejudicial error by merely exerting jurisdiction over the matter in question. Therefore, Appellant's first assignment of error lacks merit.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT'S DETERMINATION ON 10/1/96 THAT REGINA VALLEY, NOTWITHSTANDING HER SEVERE MENTAL HANDICAP, SHOULD BE LEGALLY EMANCIPATED UNDER OHIO LAW AND SO IS NOT ENTITLED TO THE CONTINUING MONETARY SUPPORT OF BOTH HER PARENTS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant takes issue with the trial court's termination of child support for Regina as of September 12, 1988 pursuant to the original divorce and custody/support decree. Appellant argues that the manifest weight of the evidence supported a finding that Regina was not, in fact, emancipated on her twenty-first birthday. Essentially, it is Appellant's position that because of her incapacity, Regina cannot be emancipated and therefore is entitled to child support. As Castle, supra, provides support for the common law duty of a parent to support an adult disabled child, and as the issue of the applicability of Castle was central to the proceedings below, we interpret Appellant's argument here to actually be that the trial court erred in not finding that the facts of the case merited an order of child support under Castle.
Under Ohio law,
 ". . . judgments supported by some competent, credible evidence going to all the material elements of the case must not be reversed, as being against the manifest weight of the evidence."
Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223, 226, citingC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280. Before we may undertake review of a lower court decision which is claimed to be against the manifest weight of the evidence, we must first review the applicable law in order to determine the material elements of the claim. As noted earlier, a trial court has no discretion in deciding a matter of law.Wolfinger v. Ocke, 196. At the heart of the proceedings below was the issue of the applicability of Castle, supra. Based on our review of the record, we find that the trial court erred when it determined that Castle was inapplicable to the present case.
The October 1, 1996 judgment entry reflects that the visiting judge found that the referee erred in applying Castle to the instant case, stating without explanation that, "[c]ertainly no law, be it by the Court or the Legislature, is intended to apply retroactively." At the outset, we note that this statement is not entirely accurate. The Ohio Supreme Court has held that, "[p]rocedurally in the absence of a specific provision in a decision which declares that its application is to be prospective only, the decision shall be applied retrospectively as well."State ex rel. Bosch v. Indus. Comm. (1982), 1 Ohio St.3d 94, 98. The Ohio Supreme Court has also held that, ". . . a decision rendered by the Ohio Supreme Court which overrules a former decision is retrospective in operation and the effect is that the former law was never the law." Peerless Elec. Co. v. Bowers
(1955), 164 Ohio St. 209, 210.
In determining whether Castle applies to a court order which preceded its release, we note our decision in Abbas v. Abbas
(1998), 128 Ohio App.3d 513. In Abbas, the parents of a child who was blind, mentally impaired and fully disabled since birth were divorced on April 24, 1984. Id., 514, 515. The trial court awarded custody of the child, who was twenty-five (25) years old at the time of the divorce, to the mother. Id. At the time of the divorce, the trial court stated that it lacked authority to order child support for the disabled adult child. Id., 515. Subsequent to the Ohio Supreme Court's decision in Castle on December 31, 1984, the mother moved the trial court to order the father to pay reasonable child support. Id. The court ordered the father to pay support but later vacated that order. Id.
On appeal, we applied the decision in Castle citing the syllabus of the court which stated:
 "1. The common-law duty imposed on parents to support their minor children may be found by a court of domestic relations having jurisdiction of the matter, to continue beyond the age of majority if the children are unable to support themselves because of mental or physical disabilities which existed before attaining the age of majority.
 "2 The domestic relations court retains jurisdiction over parties in a divorce, dissolution or separation proceeding to continue or to modify support payments for a mentally or physically disabled child, who was so disabled before he or she attained the statutory age of majority, as if the child were still an infant."
Abbas v. Abbas, 516 quoting Castle v. Castle, syllabus of the court.
We also discussed the holding in Loetz v. Loetz, supra, that a court which renders an original divorce decree retains jurisdiction over custody matters of minor children. Abbas v.Abbas, 517 citing Loetz v. Loetz, 2. We noted the statutory definition of the age of majority: "All persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes."Abbas v. Abbas, 517 quoting R.C. § 3109.01(emphasis added). Finally, we stated that by granting custody of the child to the mother, the trial court was essentially asserting that the child, although twenty-five (25) years old, had not achieved the age of majority, therefore maintaining jurisdiction over him. Abbas v.Abbas, 517. Thus, we concluded that although the court had not initially ordered child support payments, the retention of jurisdiction over the child allowed for a later support order under Castle. Abbas v. Abbas, 517.
In the present matter, Appellant and Appellee were divorced prior to the release of Castle. Appellant was awarded custody of all children including Regina, whose support was to continue until her twenty-first birthday or until further order of the court. There is no question that, at the time of the initial support order, Regina was a minor child. Subsequent to Regina reaching the age of twenty-one, the trial court ordered support for her based on the agreement of the parties. As in Abbas, such exercise of jurisdiction over a disabled child is essentially an assertion that the child never reached the age of majority pursuant to R.C. § 3109.01. Regardless, Castle was decided prior to Regina's reaching the age of eighteen, when the court had undisputed jurisdiction over her custody. Any imposition of support for Regina after her eighteenth birthday was proper under the authority of Castle. Therefore, the trial court improperly ruled that Castle did not apply.
Rather than applying this law, the trial court determined that Regina needed no support based on the fact that she was placed in a residential care facility for some time and was not living with Appellant and that she received Social Security benefits. The trial court stated that as the order for Regina's support to continue past her twenty-first birthday was made pursuant to an agreement between the parties, this matter was reviewable only under contract law. This ruling directly conflicts with the record sent from the lower court, which includes a court order enforcing this agreement. Other than erroneously positing thatCastle was inapplicable, the trial court cited no law to support its decision.
Appellant asks us to review the trial court's decision under the manifest weight standard. As we stated earlier, such a determination requires an understanding of the factors which must be satisfied under the applicable law. As the trial court wholly failed to apply the controlling law to the facts presented, we are unable to determine whether the evidence was consistent with (or adverse to) a decision in Appellant's favor under the abuse of discretion standard. Hence, we reverse the decision of the trial court and remand this matter for a factual determination in accordance with the law as found in Castle v. Castle, supra.
Cox, P.J., Donofrio, J., concurs.
APPROVED:
 _________________________ CHERYL L. WAITE, JUDGE