OPINION
The parties herein were married on March 9, 1974. One son, Adam Wiest, was born of the marriage on November 8, 1979. After the parties filed for divorce, a magistrate held a hearing in the divorce and filed her report and recommendation on May 27, 1987, wherein custody of Adam was awarded to Plaintiff-Appellee Constance S. Wiest ("Constance") by agreement of the parties. The magistrate stated in her report, "Adam is mentally retarded, has speech problems and trouble learning. His IQ has been tested in the 40-range, although Mrs. Wiest feels that it is probably a little higher. She testified that he will probably never be self-sufficient * * *" Defendant-Appellant Edson B. Wiest ("Edson") was ordered to pay child support, but the report was silent as to the duration of support.
On August 21, 1987, the trial court issued its judgment entry of divorce which incorporated the magistrate's report and recommendation as it related to custody and child support. In its judgment entry, the court made a finding that "Adam is a special child, being retarded with speech and learning problems. He will never be self sufficient and will continue to require care." Again, the duration of child support was not specifically mentioned.
Adam reached age nineteen on November 8, 1998. At that time, Edson notified Plaintiff-Appellee Darke County Child Support Enforcement Agency ("CSEA") that his support order should be terminated. Subsequently, the CSEA issued a notice terminating the support order on November 23, 1998. At the same time, they sent notice to Constance advising her to contact the CSEA should she desire support to continue due to Adam's disabilities. Thereafter, Constance contacted the CSEA and requested that the support order be reinstated. Throughout this process, no court order was ever entered terminating child support. On March 9, 1998, the CSEA filed a motion with the trial court to continue and modify child support obligations beyond the age of majority.
Adam still attends high school full-time and may remain in the school system until June, 2002. He is currently enrolled in a vocational program within the school system with the goal of making him competitively employed on a full-time basis if and when he receives his diploma.
Edson filed a motion to dismiss the CSEA motion which was overruled by magistrate's decision of June 8, 1999. The trial court affirmed this decision and remanded the case to the magistrate for a hearing on the CSEA motion. Edson appeals raising the following assignment of error:
 The trial court committed prejudicial error by ruling that the Child Support Reorganization Act (Amended Sub HB 352) did not modify the common law duty to support a disabled child beyond the age of majority as enunciated in Castle v. Castle
(1984), 15 Ohio St.3d 279, by requiring that, for that duty to continue beyond the age of 19 years, the child support order must so specifically provide.
Among the statutes modified by the Child Support Reorganization Act ("CSRA") were R.C. 3103.03(B), and 3109.05(E). At the time the child support order was entered in this case in 1987, these statutes provided that the parental duty of support shall continue past the age of majority "as long as the child continuously attends on a full-time basis any recognized and accredited high school." No other limitation on the duration of support existed at that time.
In January of 1998, the CSRA modified these statutes to additionally include the following language: "Except in cases in which a child support order requires the duty of support to continue for any period after the child reaches age nineteen, the order shall not remain in effect after the child reaches age nineteen." R.C. 3103.03(B); 3109.05(E). Edson argues that this statute prohibits the court from continuing Adam's child support because he has reached age nineteen and the child support order does not clearly provide for support to continue past age nineteen. However, this statute went into effect in January of 1998, over ten years after the child support order involved herein was issued. The question becomes whether these statutes apply in this case as amended, or as they existed at the time the child support order was issued.
In answering this question, we look to two relevant statutes. R.C. 1.48 provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." The parties do not allege, nor does this court find any indication that the amendments to R.C. 3103.03(B) and 3109.05(E) were intended to apply retroactively. Additionally, R.C. 1.58(A) states: "The reenactment, amendment, or repeal of a statute does not * * * (1) Affect the prior operation of the statute or any prior action taken thereunder; (2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded or incurred thereunder."
The Supreme Court addressed the applicability of R.C. 1.58 in the case of Nokes v. Nokes (1976), 47 Ohio St.2d 1, 8-9. The case discussed how an amendment to R.C. 3109.01 reducing the age of majority from twenty-one to eighteen years of age would affect a child support order issued prior to the amendment. In this regard, the Court held that under R.C. 1.58(A)(1), the amendment did not affect the action taken by the court under the earlier version of the statute which required child support until the age of twenty-one. Id. at 9. Further, the Court found that pursuant to R.C. 1.58(A)(2), the obligation to provide support which was incurred under the previous version of the statute could not be changed solely by reason of the amendment. Id.
This case presents a similar situation to Nokes in that the amendments to the child support statutes place an age limitation where there was none before. When the child support order was issued, the statutes allowed support to continue past the age of majority as long as the child continuously attended high school on a full-time basis. The amendments now provide that the support ceases when the child turns nineteen unless a court order specifically states otherwise. According to R.C. 1.58 and Nokes,supra, this amendment alone cannot change the obligation incurred at the time the support order was issued, which required Edson to pay child support as long as Adam continuously attends high school on a full-time basis.
Furthermore, like the trial court, we find the Supreme Court holding in Castle v. Castle (1984), 15 Ohio St.3d 279 to be on point and still good law. The Supreme Court held that a trial court has jurisdiction to order child support beyond the age of majority in situations where mental or physical disabilities prevent the child from supporting himself. Id. at paragraph one of the syllabus. Provided this disability existed prior to attaining the age of majority, the court retains jurisdiction as if the child were still an infant. Id. at paragraph two of the syllabus. This jurisdiction is based on a parent's moral and common-law legal duty to support and maintain children with disabilities. Id. at 283.
Edson discusses two appellate court cases which have addressed the amended statutes and their effect on the holding inCastle. See Abbas v. Abbas (1998), 128 Ohio App.3d 513, 516;Bowermeister v. Shanks (April 30, 1999), Greene App. No. 98-CA-142, unreported. First, Edson distinguishes Abbas by pointing out that the disabled child in that case was twenty-five years old at the time of the divorce. He then relies on the reasoning in the dissent to support his argument that a trial court does not retain jurisdiction past the age of nineteen despite the holding in Castle. However, the dissent can also be distinguished. Judge Vukovich argues that a trial court cannot "retain" or "continue" subject matter jurisdiction past the age of majority if the court did not obtain jurisdiction prior to that time. Id. at 518. Since the child in Abbas was twenty-five at the time of divorce, the trial court did not obtain jurisdiction until he was already past the age of majority. Id. For this reason, Judge Vukovich found the reasoning in Castle to be inapplicable to his case. In the present case, the trial court acquired jurisdiction over the issue of child support when Adam was seven years old. Therefore, the reasoning in the Abbas dissent is clearly inapposite.
Additionally, Edson relies on at least a portion of our holding in Bowermeister v. Shanks, supra. Bowermeister argued that the amendment to R.C. 3109.05(E) legislatively overruled the Supreme Court decision in Castle. We responded to this argument by stating:
 We would not lightly infer a legislative purpose to overrule the holding that a parent may be required to support a child beyond the age of majority when the child is incapable, because of a severe physical or mental disability, of supporting himself or herself. Far from evincing a purpose to overrule Castle, the statutory text expressly acknowledges the possibility that child support may continue after the age of majority. The statute merely indicates that if support is to continue after the child turns nineteen, the order must so provide.
 Bowermeister, supra at p. 7. It is this final sentence that Edson clings to in support of his argument that the trial court no longer has jurisdiction to continue child support past the age of majority. We agree if the amendments were in effect at the time the child support order was issued, the order must provide that support is to continue past the age of nineteen. However, as we explained previously, these amendments cannot act to alter the original child support order which was issued prior to their enactment. The application of these amendments to the support order was not raised by the parties in Bowermeister, so it was not discussed in our opinion. Therefore, we uphold our finding in Bowermeister, but do not agree that our statements regarding the effect of the statutory amendments on the Castle holding are applicable to this case. The Supreme Court holding in Castle
grants a trial court jurisdiction to continue child support past the age of majority provided the order complies with the statute in effect at the time.
Based on the foregoing, Edson's sole assignment of error is overruled. Accordingly, the trial court's decision overruling Edson's motion to dismiss is hereby affirmed.
WOLFF, J., and YOUNG, J., concur.