OPINION
{¶ 1} Appellant, Patricia Magazzine, appeals the decision of the Mahoning County Common Pleas Court, Probate Division, dismissing her application for guardianship over her adult, mentally disabled daughter for lack of jurisdiction.
 {¶ 2} On July 5, 2001, appellant and Eugene Magazzine obtained a divorce in Mahoning County Common Pleas Court, Domestic Relations Division, (case No. 00 DR 420). In that case, appellant was awarded custody of her daughter, Jenna, who is mentally disabled.
 {¶ 3} On June 17, 2005, appellant filed an "APPLICATION FOR APPOINTMENT OF GUARDIAN OF PERSON ONLY OF INCOMPETENT" in the Mahoning County Common Pleas Court, Probate Division. The application stated that Jenna Magazzine was eighteen years old, and that she was incompetent because of a mental disability. Eugene Magazzine, Jenna's father, filed a similar, competing application on July 5, 2005.
 {¶ 4} On July 1, 2005, an "INVESTIGATOR'S REPORT ON GUARDIANSHIP" was filed with the probate court. The report stated that Jenna had a "fair" understanding of the concept of guardianship and a "consenting" attitude toward the concept of guardianship. Concerning Jenna's mental condition, the report, referring to an expert evaluation, noted that Jenna is mentally impaired. Jenna's diagnosis is major depression, recurrent, severe, with psychosis. She is also diagnosed with Cornelia de Lange Syndrome and borderline IQ. The investigator recommended guardianship observing Jenna to be child-like for her age, small in physical stature, but with a very outgoing personality. The investigator did not recommend a less restrictive measure because Jenna appeared to be very attached to appellant and did not appear to want to leave the home she lives in with appellant. The report noted appellant was Jenna's custodial parent since her divorce in 2001 and has taken care of her since birth. The report also noted that Jenna attends special education classes at a local high school and will be a senior in the up-coming school year.
 {¶ 5} The matter was referred to a magistrate who held a hearing on August 8, 2005. On August 9, 2005, the magistrate found that because the Mahoning County Common Pleas Court, Domestic Relations Division, had made a prior determination regarding custody of Jenna in case No. 00 DR 420, it lacked jurisdiction over the matter citing the Probate Court's previous decision and precedent in Campbell v. Campbell (case No. 2004 GI 117). On August 9, 2005, the
probate court adopted the magistrate's decision and dismissed the applications for lack of jurisdiction. Appellant filed a timely notice of appeal on September 7, 2005. Even though his application was also dismissed, Eugene Magazzine, did not file a notice of appeal and has not filed any type of appellate brief in this matter.
 {¶ 6} Appellant's sole assignment of error states:
 {¶ 7} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S APPLICATION TO BE APPOINTED GUARDIAN OF HER DISABLED ADULT DAUGHTER ON THE BASIS OF LACK OF JURISDICTION."
 {¶ 8} A trial court's dismissal of an action for lack of subject matter jurisdiction is a question of law that is reviewed on appeal independently of the trial court's analysis and decision. Gary Phillips Assoc. v. Ameritech Corp. (2001) 144 Ohio App.3d 149, 154,759 N.E.2d 833.
 {¶ 9} Appellant argues that the probate court, rather than the domestic relations court, has exclusive jurisdiction over guardianships. In support, appellant cites to R.C. 2101.24 which states, in pertinent part:
 {¶ 10} "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
 {¶ 11} "* * *
 {¶ 12} "(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;
 {¶ 13} "* * *
 {¶ 14} "(g) To make inquests respecting persons who are so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that they are unable to manage their property and affairs effectively, subject to guardianship[.]"
 {¶ 15} In its decision to dismiss the parties' respective applications for guardianship, the probate court relied on its previous decision and precedent in Campbell v. Campbell (case No. 2004 GI 117). That case involved the guardianship of Jay Campbell, a mentally disabled adult diagnosed with autism, and the son of Jack and Debra Campbell. Jack and Debra obtained a divorce in the Mahoning County Common Pleas Court, Domestic Relations Division, before Jay turned
eighteen years old, and they entered into a shared parenting agreement involving Jay.
 {¶ 16} Just prior to Jay's eighteenth birthday, his parents filed competing applications for guardianship in the Mahoning County Common Pleas Court, Probate Division. The probate court determined that the domestic relations court continued to exercise jurisdiction over the care of Jay, even after he reached his eighteenth birthday, because he was disabled and because of the shared parenting agreement. For those reasons, the probate court dismissed the guardianship applications for lack of jurisdiction. Debra Campbell appealed the probate court's decision to this Court.
 {¶ 17} On appeal, Debra advanced the same arguments that appellant makes in this appeal. Debra also cited to R.C. 2101.24 and similar caselaw. This Court rejected those arguments and held:
 {¶ 18} "We must follow the very clear holding in [Loetz v. Loetz
(1980), 63 Ohio St.2d 1, 406 N.E.2d 1093] that prohibits the probate court from interfering with domestic court's continuing jurisdiction over the care, custody and control of a minor child. Since a legally disabled child who reaches his or her eighteenth birthday is not considered to have reached the age of majority, this Court has recognized that a domestic relations court retains continuing jurisdiction over child custody orders involving such children. [Abbas v. Abbas (1998), 128 Ohio App.3d 513, 517, 715 N.E.2d 613]."In re Campbell, 7th Dist. No. 05 MA 10, 2006-Ohio-1764, at ¶ 33.[1]
 {¶ 19} In this case, although Jenna Magazzine has reached her eighteenth birthday, she is legally disabled and, therefore, is not considered to have reached the age of majority. Additionally, Jenna's care and custody was determined by the Mahoning County Common Pleas Court, Domestic Relations Division, in case No. 00 DR 420 when Jenna's parents divorced in 2001. There is no indication in the record to indicate that the domestic relations court has surrendered or declined jurisdiction over the issue of Jenna's care. Consequently, the probate court was correct when it determined that it was without jurisdiction to consider appellant's guardianship application. In re Campbell, supra.
 {¶ 20} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 21} The judgment of the probate court is hereby affirmed.
Vukovich, J. concurs.
DeGenaro, J., concurs.
[1] In fairness to counsel for appellant, it should be noted thatIn re Campbell was decided on March 31, 2006, well after he filed his appellate brief in this matter on January 17, 2006.