LOETZ, APPELLEE, *v.* LOETZ, APPELLANT.

[Cite as Loetz v. Loetz (1980), 63 Ohio St. 2d 1.]

(No. 79-1424—Decided July 2, 1980.)

2

*Messrs. Buchanan & Buchanan* and *Mr. J. Vincent Buchanan,* for appellee.

*Rodney M. Arthur Co., L.P.A., Mr. Rodney M. Arthur* and *Mr. Mark A. Robinson,* for appellant.

*Per Curiam.* The court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties. *Hoffman* v. *Hoffman* (1864), 15 Ohio St. 427; *Addams* v. *State, ex rel. Hubbell* (1922), 104 Ohio St. 475, 135 N.E. 667; *Corbett* v. *Corbett* (1930), 123 Ohio St. 76, 174 N.E. 10; *Van Divort* v. *Van Divort* (1956), 165 Ohio St. 141, 134 N.E. 2d 715. In *Hoffman* v. *Hoffman, supra,* this court found ineffectual an attempt by a probate court to modify the existing custody decree of a court of common pleas of this state. In paragraph one of the syllabus, this court held:

"Where a court of common pleas, on rendering a decree of divorce, further decrees the 'custody, care and control' of the minor children of the marriage to one of the parties, a probate court, while such decree remains in force, can not, as between

the parties to the decree, legally interfere with the custody so decreed, either by *habeas corpus* or letters of guardianship."

A similar result was obtained in *Addams* v. *State, ex rel. Hubbell, supra,* wherein custody of a minor child was awarded to her father by the Court of Insolvency of Cuyahoga County. Subsequently, the child's paternal grandfather secured an *ex parte* order from the Probate Court appointing him as the guardian of the child. The court, upon hearing, modified its prior order and awarded custody to the child's maternal grandmother. Thereafter, the grandfather obtained a writ of prohibition from the Court of Appeals barring the enforcement of the custody decree of the Court of Insolvency. In reversing the judgment of the Court of Appeals, this court acknowledged, at page 478, that "[o]ne of the duties of this court is to protect not only its own jurisdiction, but the jurisdiction of all other courts, whether defined by constitution, statute, or a long and well-settled line of adjudication." The court held, in paragraphs three, four and five of the syllabus, as follows:

"3. Any order of such court touching the guardianship of a minor child is subject to be modified from time to time, as in the judgment of the court the best interests of the child may require.

"4. During such continuing jurisdiction other courts, whether inferior or superior, having concurrent jurisdiction of the custody of minor children, are by long and well-settled practice of this state denied the exercise of such jurisdiction.

"5. During such continuing jurisdiction of the court of insolvency over a minor child, an order purporting to be made by any other court, appointing a third party as guardian of the person of the minor child, is null and void."

In this cause, it is uncontroverted that, prior to the order of the Court of Common Pleas of Defiance County which awarded temporary custody of Julia Snyder to appellant, the Court of Common Pleas of Williams County had ordered that custody of Julia be given to appellee. However justified the Court of Common Pleas in the instant cause may have been in modifying the custody decree issued by the Court of Common Pleas of Williams County, this latter court retained continuing jurisdiction over the minor child pursuant to the original

divorce proceedings. Therefore, the Court of Common Pleas in the cause at bar lacked jurisdiction to modify the existing custody decree of its sister court. See R. C. 3109.06; *Corbett* v. *Corbett, supra* (123 Ohio St. 76); *Van Divort* v. *Van Divort, supra* (165 Ohio St. 141); R. C. 3109.23.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

PAUL W. BROWN, J., dissenting. There is agreement by all courts involved in the instant cause that the trial court did not have jurisdiction to order a change of permanent custody of appellee's daughter. In fact, however, the trial judge granted only temporary custody to appellant, the stepfather, and directed the ultimate custody disposition to be made by the Court of Common Pleas of Williams County. This was a most rational approach to the problem before that judge, which is not directly governed by the statutory scheme, since the stepfather was an undeniably fit parent. Yet such a temporary disposition is not a final appealable order under R. C. 2505.02. I would reverse the Court of Appeals and direct the dismissal of this appeal, allowing the stepfather to retain custody and thus leaving appellee to seek other remedies.*

---

* Since a stay was granted pending appeal of this cause, custody was retained by the stepfather. Appellee could attempt to obtain custody, either through a writ of habeas corpus or by an action brought in the Court of Common Pleas of Williams County. Under either approach the future of the child would be ultimately determined by a forum with jurisdiction to consider the predominant question, *i.e.*, the best interests of the child.