OPINION
This timely appeal arises from the decision of the Jefferson County Court of Common Pleas to grant custody of Constance Lewis to her maternal great-grandmother, Intervenor-Appellee ("Appellee") Patricia White. For the following reasons, we affirm the judgment of the trial court.
On July 24, 1993, Constance Lewis (Connie) was born to Appellant Sara Lewis and Robert Lewis. On November 9, 1994, Appellant filed a complaint for divorce from Robert Lewis. On March 16, 1995, the Jefferson County Court of Common Pleas granted the divorce and gave custody of Connie to Appellant in Case No. 94-DR-391.
Connie was born with a cleft lip and palate which made feeding difficult. Shortly after her birth, Connie was hospitalized for failure to thrive and required several surgeries to correct her malady. Unknown to the trial court at the time of the divorce, Connie was placed in the physical custody of Appellee Patricia White, her maternal great-grandmother, who lived closer to the Akron hospital were the surgeries were performed. Because of her impairment, Connie was eligible for Social Security Disability Benefits. However, despite the fact that Connie was cared for by Appellee, Appellant received Connie's benefit checks and used them to her own advantage.
Appellee was Connie's primary care giver from the time that Connie was approximately nine months old until May 18, 1998, at which time Appellant forcibly removed Connie from Appellee's residence. Subsequent to those events, Appellee filed an action in the Portage County Juvenile Court seeking legal custody of Connie. The Portage County Juvenile Court ruled that it lacked jurisdiction as Connie's legal residence was in Jefferson County. The case was transferred to the Jefferson County Juvenile Court which ruled that it lacked jurisdiction because the general division of the Common Pleas Court retained jurisdiction over the matter by way of the judgment granting Appellant a divorce and giving her custody of Connie.
On October 23, 1998, Appellee filed a motion to intervene and for allocation of parental rights and responsibilities with respect to Appellant's original divorce action. The trial court allowed Appellee's motion and held a hearing on the request for allocation of parental rights. On January 28, 1999, the trial court filed a journal entry ruling that neither Appellant nor Connie's father were suitable parents and it was in Connie's best interest to place her in the permanent custody of Appellee.
On February 4, 1999, Appellant filed her notice of Appeal. Her first assignment of error alleges:
 "THE TRIAL COURT DID NOT HAVE JURISDICTION TO DETERMINE CUSTODY OF CONNIE."
Appellant cites In re Poling (1992), 64 Ohio St.3d 211, 215, for the proposition that a juvenile court has jurisdiction to decide issues of child custody when a determination of child custody had previously been made in a divorce proceeding in a domestic relations court. Appellant further states that under R.C. § 2151(A)(1), the Juvenile Court has exclusive jurisdiction over dependency actions, while under R.C. § 2151(A)(2), the Juvenile Court has exclusive jurisdiction to determine custody of a child not a ward of any other court. Appellant asserts that Appellee invoked the exclusive jurisdiction of the Juvenile Court when she filed the action in Portage County. Appellant also contends that as Appellee did not appeal the decision of the Portage County Court to transfer jurisdiction to the Jefferson County Juvenile Court, the latter was the only forum in which Appellee could litigate her custody claim.
This assignment of error lacks merit.
Appellant misconstrues R.C. § 2151.23(A)(1)(2) as granting sole jurisdiction over the present matter to the juvenile court. The statute provides:
 "(A) The juvenile court has exclusive original
jurisdiction under the Revised Code as follows:
 "(1) Concerning any child who * * * is alleged to be * * * a delinquent, unruly, abused, neglected, or dependent child;
 "(2) * * * to determine the custody of any child not a ward of another court of this state[.]" (Emphasis added).
Appellant has not considered that the juvenile court has "original" jurisdiction of the matters named in the statute. In the matter before us, jurisdiction had previously vested in the common pleas court. Appellant misconstrues both the statute and In re Poling, supra, as holding that the juvenile court has exclusive jurisdiction over the custody of a child when a custody determination has been previously made in a domestic relations proceeding.
Construing R.C. § 2151.23(A), the Ohio Supreme Court in In rePoling determined that the phrase, "* * * any child not a `ward of another court' * * * cannot be construed to prohibit a juvenile court from changing custody of children subject to a divorce decree." Id., 214. The Supreme Court stated:
 "We hold that pursuant to R.C. 2151.23(A), the juvenile court has jurisdiction to determine the custody of a child alleged to be abused, neglected, or dependent when not the ward of any court in this state. Under our interpretation of subdivision (A)(2) of R.C. 2151.23, this jurisdiction includes children subject to a divorce decree granting custody pursuant to R.C. 3109.04."
Id., 215.
However, the Court continued:
 "While clarifying the jurisdiction of the juvenile court under R.C. 2151.23, we recognize some confusion exists in light of the continuing jurisdiction of the domestic relations court which awards custody in divorce cases under R.C. 3109.04. Particularly, this becomes apparent when considering the case of Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2 [citations omitted] wherein we reiterated that `[t]he court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties. [citations omitted]'
"Therefore, a court which renders a custody decision in a divorce case has continuing jurisdiction to modify that decision. However, the juvenile court has jurisdiction to make custody awards under certain circumstances. Hence, for the purposes of deciding custody where there has been a prior divorce decree, these courts can accurately be said to have concurrent jurisdiction. In other words, the juvenile court may entertain and determine custody of children properly subject to its jurisdiction, even though there has been a prior divorce decree granting custody of said children to a parent pursuant to R.C. 3109.04."
Id.
It is unmistakable that the trial court in the present case had concurrent jurisdiction with the juvenile court to determine the custody of Connie. Appellee sought a modification of the previous allocation of parental rights and responsibilities, a matter clearly cognizable in the common pleas court. Accordingly, we hold that Appellant's first assignment of error lacks merit.
Appellant's second assignment of error alleges:
 ______________"THE TRIAL COURT FAILED TO USE THE CORRECT STANDARD OF PROOF IN FINDING MS. FRAM UNSUITABLE FOR CUSTODY OF HER DAUGHTER."
Appellant states that both the United States Supreme Court and the Ohio Supreme Court have determined that biological parents have a fundamental interest in the custody of their children. Santosky v. Kramer (1982)455 U.S. 743; In re Perales (1977), 52 Ohio St.2d 89. Appellant argues that under In re Perales, a trial court must prove by a preponderance of evidence that a parent is unsuitable to have custody of a child in order to terminate parental rights but that according to Santosky v. Kramer, a trial court must employ the clear and convincing evidence standard when terminating parental rights in favor of granting custody to a non-parent. Appellant further states that in Johntonny v. Malliski
(1990), 67 Ohio App.3d 709, the court of appeals stated that to terminate a parent's fundamental right to visitation, the trial court must employ the clear and convincing standard. By analogy, Appellant argues that the same standard must be employed when the paramount right of custody is concerned.
This assignment of error lacks merit. Appellant is confused as to the nature of the proceedings by which Appellee was granted custody of Connie. Appellant's entire argument presumes that the trial court terminated her parental rights when in fact this matter came before the trial court on Appellee's motion for allocation of parental rights and responsibilities pursuant to R.C. § 3109.04; there is nothing on the record to indicate that the proceedings in any way terminated
Appellant's parental rights. Under R.C. § 3109.04(D)(2), the trial court may award custody of a child to a relative if the court finds that, "* * * it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child." The standard for the court is clearly to consider what is in the best interest of the child, not, as Appellant contends, to determine by clear and convincing evidence that Appellant was not a suitable parent.
R.C. § 3109.04(E)(1)(a)(iii) provides in pertinent part:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, * * *, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * *, unless a modification is in the best interest of the child and * * * The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
A trial court has the power to exercise broad discretion in matters concerning the allocation of parental rights and responsibilities, and its decision shall not be disturbed on appeal absent a showing of an abuse of such discretion.
Masters v. Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. The discretion exercised by the trial court must be given our utmost respect as the trial court is in a superior position to evaluate the parties' credibility and the relevant factors. Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
A review of the transcript reveals that the circumstances support a change of custody and that the trial court's decision was within its discretion. There was testimony that Connie resided with Appellee since infancy following her admittance to the hospital for failure to thrive. (Tr. 1/6/99 pp. 45, 77). Moreover, there was testimony that Appellant did not seek Connie's return until May of 1998. (Tr. 1/6/99 p. 88). This is in contrast to evidence before the trial court at the time of Appellant's divorce. There was no mention in Appellant's parenting affidavit that Connie was residing with Appellee or that Appellee had any role as a care giver.
There was also testimony that Appellant ignored Connie's medical needs caused by her birth defects while Appellee tended to Connie's needs during her recovery. (Tr. 1/6/99 pp. 47-48). Appellee testified that Appellant violently snatched Connie away from her and that Appellant dragged Appellee with her car and then ran over her. (Tr. 1/6/99 p. 94-96).
Appellant admitted to a history of mental health problems. (Tr. 1/6/99 p. 162). Moreover, Appellant testified as to some questionable parenting practices. She admitted to permitting her husband to prepare a mixture containing Mountain Dew for one of her infant children. (Tr. 1/6/99 p. 189). Appellant also testified that she taught five year old Connie to operate a microwave oven. (Tr. 1/6/99 pp. 189-190). Connie's Guardian Ad Litem also testified as to the unsuitable conditions for Connie at Appellant's home, highlighted by the instance of Connie not arriving home on her school bus with no genuine concern from Appellant. (Tr. 1/6/99 pp. 14-15).
Given the testimony presented to the trial court, it was not an abuse of discretion for the court to place Connie in Appellee's custody. Therefore, we hold that this assignment of error lacks merit. Accordingly, we affirm the judgment of the trial court.
COX, P.J., concurs in judgment only and with the concurring opinion of Judge DONOFRIO.
DONOFRIO, J., concurs in judgment only; see concurring opinion.