DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Julia B. Ward, appeals a $681.50 judgment rendered against her in the Avon Lake Municipal Court Small Claims Division. This Court reverses.
 I.
This case arises from a suit filed in Small Claims Court by appellee, Stuart Ward, against Ms. Ward, his former spouse, for payment of an orthodontist bill for their son.
Ms. Ward and Appellee, Stuart Ward, were granted a dissolution by the Lorain County Domestic Relations Court on October 12, 1994. The Wards had three children. The decree and separation agreement that was adopted by the court addressed health insurance coverage and the parties' payment responsibility.
On July 6, 1998 Mr. Ward took the Wards' son, Stuart Adam (Adam), to an orthodontist for treatment. His insurance paid a portion of the treatment but left a balance remaining. Mr. Ward testified at trial that Ms. Ward had orally agreed to pay half of the orthodontics treatment and had made a partial payment. Ms. Ward denied any such agreement. The trial court ruled in favor of Mr. Ward and entered judgment on his behalf in the amount of $681.50.
Ms. Ward timely appealed, and has set forth two assignments of error for review.
 II. FIRST ASSIGMENT OF ERROR THE TRIAL COURT ERRED BY RENDERING JUDGMENT IN THIS CASE FOR THE REASON THAT IT LACKED SUBJECT MATTER JURISDICTION.
In her first assignment of error, Ms. Ward has argued that the municipal court lacked subject matter jurisdiction to hear this case. This Court agrees.
The Supreme Court of Ohio addressed this issue in Loetz v. Loetz
(1980), 63 Ohio St.2d 1, 2:
 The court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties.
Since Mr. Ward's complaint sought payment of an orthodontics bill which relates to the care of his son, the court granting the original decree has continuing and exclusive jurisdiction over the claim.
Consequently, Ms. Ward's first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FINDING THAT A CONTRACT EXISTED.
Given this Court's determination of Ms. Ward's first assignment of error, her second assignment of error is rendered moot. See App.R. 12(A)(1)(c).
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorian, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.