OPINION
This appeal arises from a decision by the Allen County Common Pleas Court, Domestic Relations Division, overruling a Motion filed by the Allen County Child Support Enforcement Agency to modify child support and add a third party payee following guardianship determinations by the Allen County Court of Common Pleas, Probate Division. For the following reasons, we affirm the decision of the trial court.
On July 14, 1992, the Allen County Court of Common Pleas, Domestic Relations Division, entered judgment for the divorce of Marlene and William Herron. Pursuant to the divorce decree, Marlene Herron was granted sole custody of their three children, Justin, Dustin, and Laura Herron, and William Herron was ordered to pay child support pursuant thereto.
Prior to the divorce decree, the Ohio Department of Human Services ("DHS"), by and through the Allen County Child Support Enforcement Agency ("CSEA"), moved to intervene as a party to the action because Marlene Herron was a public assistance recipient on behalf of her minor children. The intervention was granted, and the DHS, therefore, was included as a party.
On May 3, 1993, the Allen County Court of Common Pleas, Probate Division, issued Letters of Guardianship over Justin, Dustin, and Laura Herron to June Herron, the children's paternal grandmother. Several years later, on March 5, 1999, the CSEA, a representative of the DHS, filed a motion in the Domestic Relations Division to join June Herron as a third party payee for child support and to review the prior child support order. The Domestic Relations Division joined June Herron as a third party in the action, but did not enter judgment as to the other portions of the motion.
While the record is unclear, in the interim, apparently in 1997, Dustin Herron was adjudicated a delinquent in the Allen County Court of Common Pleas, Juvenile Division, and thereafter was released to the custody of the Allen County Children's Services Board. Also, Justin Herron was placed in the legal custody of William Herron on September 13, 1999, pursuant to a finding by the Juvenile Division that he too was a delinquent. Laura Herron was still in the custody of June Herron, and on April 15, 1999, June Herron had the prior Letters of Guardianship modified to only include Laura.
After learning of these circumstances, the CSEA moved the Domestic Relations Division to terminate William Herron's wage withholding for child support, to return any child support funds held in escrow by the CSEA to William Herron, and to order closure of the case due to the intervening involvement of the Juvenile Division. Before any judgment was rendered on this motion, the Domestic Relations Division held a hearing on the CSEA's motion to make June Herron a child support payee and to review the original child support order.
The Domestic Relations Division held that the Juvenile Division has exclusive original jurisdiction over Dustin and Justin Herron pursuant to R.C. 2151.23(A)(1). And, consequently, the prior order of the Domestic Relations Division designating Marlene Herron as residential parent of Laura Herron is still in effect. The Domestic Relations Division then held that the guardianship determination of the Probate Division was void. The Domestic Relations Division asserted its continuing jurisdiction over Laura Herron, and overruled the motion to designate June Herron as the child support payee and to review the prior child support order.
From this decision, the CSEA appeals and asserts the following sole assignment of error.
 Assignment of Error I The trial court below committed prejudicial error holding that letters of guardianship issued by the Probate Division of the Court of Common Pleas after a decree of dissolution issued by the Domestic Relations Division of the Court of Common Pleas were void and not to be given any weight.
Since at least 1864, it has been the law of Ohio and the Ohio Supreme Court has consistently held that:
 Where a court of common pleas, on rendering a decree of divorce, further decrees the `custody, care, and control' of the minor children of the marriage to one of the parties, a probate court, while such decree remains in force, can not, as between the parties to the decree, legally interfere with the custody so decreed * * * by * * * letters of guardianship.[1]
Therefore, the concept of continuing jurisdiction over the custody of children in divorce cases is implicated when a court exercises jurisdiction over the children by entering a divorce decree containing a custody determination.[2]
In Addams v. State ex rel Hubbell, a case factually similar to the case herein, the Supreme Court clarified this rule by holding that:
 [d]uring such continuing jurisdiction * * * an order purporting to be made by any other court, appointing a third party as guardian of the person of the minor child, is null and void.[3]
Moreover, the court noted that any guardianship established by a court other than the court to first take jurisdiction of the child "is without capacity to sue as such guardian in any court of record in this state."[4]
Applying these concepts to the case herein, we must affirm the decision of the trial court. Based upon the continuing jurisdiction of the Domestic Relations Division established through the July 14, 1992 divorce and custody decree, the Probate Division's subsequent guardianship determinations were null and void. Furthermore, June Herron lacked the requisite capacity to be joined in the original domestic relations action as guardian because the continuing jurisdiction of the Domestic Relations Division prevented the Probate Division from exercising jurisdiction to make a guardianship determination. Consequently, in cases where the best interests of the child would be served by a modification of custody, application must be made to the court rendering the original custody decree, pursuant to its continuing jurisdiction.
For the above reasons, Appellant's sole assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
BRYANT and HADLEY, J.J., concur.
[1] Hoffman v. Hoffman (1864), 15 Ohio St. 427, paragraph one of thesyllabus; Ex parte Crist (1913), 89 Ohio St. 33, 34; Addams v. State exrel Hubbell (1922), 104 Ohio St. 475, 479; Loetz v. Loetz (1980),63 Ohio St.2d 1, 2-3.
[2] See, e.g., Hoffman, 15 Ohio St. at paragraph two of the syllabus;Addams, 104 Ohio St. at paragraph two of the syllabus; Corbett v. Corbett(1930), 123 Ohio St. 76, paragraph one of the syllabus; Van Divort v. VanDivort (1956), 165 Ohio St. 141, paragraph one of the syllabus; Loetz,63 Ohio St.2d at 2.
[3] Addams, 104 Ohio St. at paragraph five of the syllabus; Loetz,63 Ohio St.2d at 3.
[4] Addams, 104 Ohio St. at paragraph six of the syllabus.