OPINION
Defendant-appellant, Michelle Wysong, appeals a decision of the Preble County Court of Common Pleas, denying her motion for stay of custody order, motion for relief from judgment, and motion for change of custody. We affirm the decision of the trial court.
Appellant and plaintiff-appellee, Rex Wysong, were married in 1989. Two children were born issue of the marriage. The parties were divorced in October 2000, and appellant was granted custody of the two children. A few months later, appellant decided to relocate out of state in order to pursue a college education. The parties agreed that appellee would be designated the residential parent and that his child support obligation would be terminated. On March 29, 2001, the parties filed an agreed entry with the trial court which journalized these terms. Pursuant to the entry, these modifications to the original allocation of parental rights and responsibilities were to be effective May 18, 2001.
Appellant subsequently changed her mind about the move and, on May 18, 2001, filed a motion with the trial court requesting that the terms of the agreed entry be stayed. She also filed a motion for relief from judgment and a motion to modify custody, alleging a change of circumstances. The trial court denied all three motions without a hearing. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN APPROVING THE CHANGE IN RESIDENTIAL PARENT STATUS OF THE MINOR CHILDREN BECAUSE THE COURT LACKED JURISDICTION TO DO SO AND THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
In her first assignment of error, appellant contends that the trial court erred by overruling her Civ.R. 60(B) motion for relief from judgment. Appellant argues that she is entitled to relief from judgment because the trial court lacked jurisdiction to accept the agreed entry filed by the parties.
Civ.R. 60(B) provides, in part, as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec.v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A trial court's decision on a Civ.R. 60(B) motion will not be reversed absent an abuse of discretion. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
The first prong of the GTE test requires us to consider whether appellant has a meritorious claim or defense to present if relief is granted. Appellant argues that the trial court lacked jurisdiction to adopt the agreed entry since neither party filed the parenting affidavit required by R.C. 3109.27.
R.C. 3109.27 requires each party in a parenting proceeding to file an affidavit with information pertaining to the child's present address, the places where the child has lived within the past five years, and the name and address of each person with whom the child has lived during that period. The statute also requires the parties to provide information as to: (1) whether the parties are involved in other litigation concerning parenting, custody and visitation issues for that child; (2) whether the parties know of other pending parenting proceedings concerning the child; (3) whether the parties know of any other persons who claim to have parental, custodial or visitation rights with the child; and (4) whether the parties have been convicted of or pleaded guilty to any criminal offense involving child abuse or neglect. R.C. 3109.27.
Generally, a court in which a decree of divorce is originally rendered retains jurisdiction over subsequent matters involving the custody, care and support of the parties' minor children. Loetz v. Loetz (1980),63 Ohio St.2d 1. The purpose of R.C. 3109.27 is to enable a trial court to make an initial determination as to whether it has jurisdiction in a parenting proceeding. Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96,99. While the information required by R.C. 3109.27 is essential, the exact time the information is supplied is not, as long as there is reasonable compliance and the court is able to determine whether it has jurisdiction. Metcalfe v. Metcalfe (Jan. 29, 1996), Clermont App. No. CA95-04-025, unreported, at 7, citing Cook v. Cook (1986),28 Ohio App.3d 82, 84.
In the present case, a R.C. 3109.27 custody affidavit was filed along with the initial divorce filings. The agreed entry changing custody was filed March 29, 2001, not even six months after the parties' divorce. The proximity of the events indicate that the trial court had before it the necessary information required by R.C. 3109.27. Under these circumstances, we find that the filing of the R.C. 3109.27 affidavit at the initiation of the divorce proceedings was sufficient to give the trial court subject matter jurisdiction over this action. AccordMetcalfe, Clermont App. No. CA95-04-025, unreported.
Because appellant failed to present evidence of a meritorious claim or defense to present if relief is granted, we find that the trial court did not abuse its discretion by denying the Civ.R. 60(B) motion for relief from judgment. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO CHANGE CUSTODY BACK TO THE DEFENDANT WITHOUT GRANTING A HEARING.
In her second assignment of error, appellant contends that the trial court was required to hold a hearing on her motion to modify custody. She claims that the failure to hold a hearing violated her due process rights.
It is well-established that a trial court has broad discretion in custody proceedings. See, e.g., Davis v. Flickinger (1997),77 Ohio St.3d 415, 418. Because the trial court is to be afforded wide latitude in considering all the evidence, its custody decision will not be reversed absent an abuse of discretion. Id.
R.C. 3109.04(E)(1)(a) governs the modification of a previous order allocating parental rights and responsibilities, and states in relevant part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
In the present case, the parties are not subject to a shared parenting agreement. Accordingly, before modification of the prior allocation of parental rights and responsibilities is proper, a change of circumstance must be found to have occurred with relation to the children or appellee, the residential parent named in the agreed entry.
Appellant directs our attention to Fisher v. Fisher (July 14, 1982), Clark App. No. 1680, unreported, in support of her contention that the denial of a hearing on a contested custody motion is a violation of her due process rights. In Fisher, the trial court modified a prior custody order after hearing evidence related only to a contempt motion. The appellate court, interpreting a former version of R.C. 3109.04, reversed the trial court's modification. The appellate court held that the parties to a contested motion for change of custody must be afforded the right to present evidence supporting or opposing the motion before the trial court may grant the requested modification.
We agree with the basic premise that parties to a disputed motion to modify parental rights and responsibilities must be afforded the opportunity to present evidence for or against the modification. However, before proceeding to consider whether the requested modification is in the child's best interest, the court must first determine the threshold matter of whether a change of circumstances has occurred.
The change of circumstance alleged by appellant is that she decided not to move out of state. This change of circumstance does not relate to either the residential parent, appellee, or the parties' children. Because appellant failed to allege a change of circumstances which would permit a modification of parental rights and responsibilities under R.C.3109.04, we find that the trial court did not abuse its discretion by finding no change of circumstances and denying an evidentiary hearing on the matter. Accord Bebout v. Vittling (Nov. 19, 2000), Stark App. No. 2001CA00169, unreported. Likewise, because the trial court found no change of circumstance, the court had no reason to proceed further and inquire into the children's best interest. See id. The second assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.