ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, Domestic Relations Division, the briefs and the oral arguments of counsel.
Petitioner-appellant, Cynthia D. Dugan, appeals the trial court's decision granting the motion to dismiss of respondent-appellee, Michael Dugan, and denied her (1) petition to register and adopt a foreign divorce decree; (2) petition to transfer jurisdiction and dismissed her petition to modify visitation. For the reasons that follow, we affirm.
A review of the record reveals that the parties had their marriage dissolved in November 1996 by decree issued by the Maricopa County Superior Court in the state of Arizona. The separation agreement incorporated into that decree named appellant as the residential parent of the parties' only child, Bryan Michael Dugan, whose date of birth is March 11, 1991.
In March 1997, appellant relocated to Cuyahoga County, Ohio, with the approval of the Arizona court. Since that time, petitioner and Bryan have become acclimated to the area to the extent that Bryan, who is now ten years old, is enrolled in school here and both appellant and Bryan participate in community social, religious and cultural events. Nonetheless, the parties continue to be embroiled in continuing litigation regarding issues involving visitation, support and custody. At the time of the within action, several petitions and/or motions seeking to modify visitation and custody, filed by both parties, were pending in the Arizona court.
Despite the pending litigation in Arizona, in April 2001, appellant filed a multi-faceted petition seeking to register and adopt the Arizona decree as well as to transfer jurisdiction to Ohio. The petition likewise sought to modify visitation. In granting appellee's motion to dismiss the petition, the court stated:
 The Court further finds that the Superior Court of Maricopa County, Arizona, which has original jurisdiction in this matter, has continued to exercise that jurisdiction up to the present time. Furthermore, on May 30, 2001, in a telephone conversation with Judge Margaret H. Downie, the assigned judge in this case, Judge Downie declined to relinquish jurisdiction to our Court, indicating that the Superior Court in Maricopa County, Arizona was the more appropriate forum to resolve the pending custody/visitation matters between the Plaintiff and the Defendant.
The trial court thereafter acknowledged that it may have concurrent jurisdiction with the Arizona court, but opined that it would be inappropriate to exercise that jurisdiction in light of the extensive litigation between the parties, which has been pending there for approximately one year.
Appellant is now before this court and complains that the trial court erred when it granted appellee's motion to dismiss her petition because Ohio is the more appropriate forum to litigate the issues between the parties.[1]
In general, the court that originally rendered a decree of divorce retains continuing jurisdiction over matters concerning the custody, care and support of the minor children of the marriage. Loetz v. Loetz
(1980), 63 Ohio St.2d 1, 2. Nonetheless, when one parent moves out of state with the children, jurisdictional disputes arise over which state has the authority to address issues regarding their care. See Justis v.Justis (1998), 81 Ohio St.3d 312, 314.
The resolution of this appeal turns on the application of the Uniform Child Custody Jurisdiction Act ("UCCJA"), codified in Ohio at R.C. 3109.21et seq.,[2] and the Parental Kidnapping Prevention Act ("PKPA"), Section 1738A, Title 28, U.S. Code. The purpose of the UCCJA is to "avoid jurisdictional conflict and to promote cooperation between state courts in custody matters so that a decree is rendered in the state that can best decide the best interest of the child." State ex rel. Aycock v.Mowrey (1998), 45 Ohio St.3d 347, 349. The PKPA, on the other hand, acts to reinforce the provisions of the UCCJA by mandating that states afford full faith and credit to valid child custody orders of another state court. Justis, 81 Ohio St.3d at 315, citing Thompson v. Thompson (1988),484 U.S. 174.
R.C. 3109.22 governs determinations as to which court can exercise jurisdiction when making a parenting determination.[3] Subsection (A)(1) and (2) are relevant to this case and provide:
 (A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 (1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 (2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]
Analogous provisions of the PKPA are codified at Section 1738A(c)(2)(A) and (B), Title 28, U.S. Code. Moreover, subsection (f) provides that a court of one state may only modify a custody determination made by another state court if:
 (1) it has jurisdiction to make such a child custody determination; and
 (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.
See Section 1738A(f), Title 28, U.S. Code.
Certainly it can be argued that Ohio is Bryan's home state because he has continuously resided in this state with his mother since 1997. Moreover, he has significant connections with this state as pertains to his education, medical care and community involvement. Nonetheless, as is apparent from a fair reading of the above statutory provisions, home state status alone is insufficient to confer jurisdiction on a court of this state where, as in this case, the original court continues to exercise and refuses to relinquish jurisdiction in the proceedings presently pending before it. While it may be more appropriate for appellant to challenge the continued jurisdiction of the Arizona court in that forum,[4] we can do nothing here to divest that court of its jurisdiction to decide the issues presently before it. See In reGuardianship of Wonderly (1981), 67 Ohio St.2d 178, 187.
Consequently, the trial court did not err in denying appellee's motion to dismiss the petition pending before it. Until the Maricopa County Superior Court relinquishes its jurisdiction or otherwise no longer exercises it for whatever reason, no court in Ohio has the authority to make a parenting determination in this case.
Appellant's assigned error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Division of Domestic Relations, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and JAMES D. SWEENEY, J., CONCUR.
[1] In her appellate brief, appellant assigned two related errors for our review. At oral argument, appellant withdrew her second assignment of error.
[2] Arizona has likewise enacted reciprocal provisions of the UCCJA. See Ariz.Rev.Stat.Ann. 25-1001 et seq.
[3] R.C. 3109.21(B) defines "parenting determination" as "a court decision and court orders and instructions that, in relation to the parents of a child, allocates parental rights and responsibilities for the care of the child, including any designation of parenting time rights, and designates a residential parent and legal custodian of the child or that, in relation to any other person, provides for the custody of a child, including visitation rights."
[4] It appears from the record that in October 2000 appellant filed a motion to change venue from Arizona to Ohio, which the trial court there subsequently denied. It does not appear that that ruling was further challenged.